# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VASILY JEWELL**, <br><br> Plaintiff, <br><br> v. <br><br> **BESTBUS COMPANY**, <br><br> Defendant. | Case No. 1:18-cv-00359 (TNM) |

## MEMORANDUM ORDER

Vasily Jewell seeks to sue DC2NY Incorporated for alleged violations of state and federal labor laws, civil rights laws, breach of contract, and negligence. DC2NY has moved to quash service and dismiss the Plaintiff's complaint under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). I find that Mr. Jewell failed to serve DC2NY in violation of Fed. R. Civ. P. 4 ("Rule 4"), and that he failed to use the Defendant's correct legal name in the complaint caption as required by Fed. R. Civ. P. 10(a) ("Rule 10"). However, he has shown good cause for the insufficient service of process, and the allegations in Mr. Jewell's complaint make clear that DC2NY Incorporated is the intended defendant. I therefore grant the Defendant's Motion to Quash Service but deny its Motion to Dismiss. Mr. Jewell will have 30 days from the date of this Order to amend the complaint caption and effectuate proper service of process. *See* Fed. R. Civ. P. 4(m); 15(a)(2).

## I.

DC2NY seeks dismissal of the case for insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). It is true that Mr. Jewell's attempted service was not proper under federal or District of Columbia law. Rule 4 allows Mr. Jewell to deliver the summons and a copy of the complaint

to the Defendant's authorized agent, or by following D.C. law for serving a summons. Fed. R. Civ. P. 4(e). Under the District's laws, "if an entity's registered agent in the District cannot with reasonable diligence be found" the Mayor, through the Superintendent of Corporations, "shall be an agent of the entity upon whom any process against the entity may be served." D.C. Code 29-104.12(d).

Under Rule 4(m), Mr. Jewell had to serve process on DC2NY and file proof of this service with the Court by May 16, 2018. Minute Order of April 16, 2018. On May 15, Mr. Jewell filed a process server's affidavit stating that "BestBus Company" had been served through delivery of the summons and complaint to the District's Superintendent of Corporations. Aff. Of Summons and Compl. Executed, ECF No. 5. This attempted service did not satisfy local law requirements, however, as the summons and complaint both incorrectly identified the Defendant as "BestBus Company." *See* Summons, ECF No. 3 and Corrected Complaint, ECF No. 2. No legal entity named "BestBus Company" is registered in the District of Columbia. *See* Business Filings Search, D.C. Dep't of Consumer Affairs ("Corporations Database") *available at* https://corponline.dcra.dc.gov/Home.aspx/ProcessRequest (last visited August 2, 2018). The case docket features no other proof of service, and so Mr. Jewell failed to timely serve process on the Defendant.

But Mr. Jewell has shown good cause for this failure. Good cause arises when "a plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances." *Raynor v. District of Columbia*, 296 F. Supp. 3d 66, 72 (D.D.C. 2017). And where plaintiff shows such good cause, "the court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

Between April 11 and April 25, 2018, Mr. Jewell's process server made five unsuccessful attempts to serve the Defendant. Aff. Of Process Server, ECF No. 9-2. As DC2NY correctly notes, on each occasion, the process server tried to serve "Ferras Ghannam," an unknown individual. Def.'s Mem. in Opp. To Proposed Mot. for Order to Amend Compl. ("Def.'s Consolidated Mem.") 2, ECF No. 12.

Even so, Mr. Jewell's process server notes that after "careful inquiry and diligent attempts, I was unable to serve BestBus Company." Each of these attempts was made at DC2NY's registered business address in the District: 1401 Church St., NW, Suite 516, Washington, DC 2005. *See* Aff. Of Process Server; Corporations Database, File No. 280482. And, as DC2NY concedes, it does business as "Bestbus." Def.'s Mot. to Quash 1, ECF No. 6. The use of "BestBus Company" rather than the Defendant's registered tradename of "Bestbus" was an understandable error.

The listed business address also appears to be the home of the Defendant's registered agent and CEO, Richard B. Green. *See* Aff. Of Process Server ("[The front desk receptionist] stated that Richard Green and another person resides [sic] in that unit"); DC2NY Bus Company, Better Business Bureau, *available at* https://www.bbb.org/washington-dc-eastern-pa/business-reviews/charter-bus/dc2ny-bus-company-in-washington-dc-162310077 (listing Richard B. Green as company CEO); Corporations Database (listing Green as the registered agent).

On the process server's fifth unsuccessful attempt, the building's receptionist was able to reach Mr. Green, who "stated not [sic] to be home at the time . . . and that the company BestBus Company is not known at the address." Aff. of Process Server. DC2NY does not contest the accuracy of the process server's affidavit. *See, e.g.*, Def.'s Consolidated Mem. 2 (using the process server's statements to allege insufficient service of process). That Mr. Green, Bestbus's

CEO and registered agent, suggested that "BestBus Company is not known at the address" is at least an understandable mitigating circumstance, if not a deliberate effort at, preventing effectuation of service. Even though service was thus improper, Mr. Jewell has shown good cause for his failure and, under Rule 4(m), will be granted 30 days to correctly serve DC2NY.

## II.

DC2NY also seeks dismissal of the case for insufficient process under Federal Rule of Civil Procedure 12(b)(4), arguing that the summons and complaint do not properly identify DC2NY Incorporated as the Defendant. Def.'s Mot. to Quash 1. Rule 10 requires that "the title of the complaint must name all the parties." Fed. R. Civ. P. 10. But Mr. Jewell's mistake in using "BestBus Company" rather than the Defendant's trade name "Bestbus" does not merit dismissal of the case.

Instead, because the error is harmless and the complaint makes it clear that DC2NY Incorporated is the intended defendant, Mr. Jewell will be granted leave to amend his complaint under Fed. R. Civ. P. 15(a)(2) (requiring the court to "freely give leave" to amend a complaint "when justice so requires." *See Canuto v. Mattis*, 273 F. Supp. 3d 127, 133 (D.D.C. 2017) (concluding that when a plaintiff "brought suit against a suable California corporation—Woodman-Sylvan Properties, Inc.—but . . . mistakenly named that corporation . . . in her complaint" the Court had a "duty" to grant leave to amend the complaint *sua sponte* under Fed. R. Civ. P. 15(a)(2)). *See also Barsten v. Department of Interior*, 896 F.2d 422, 423 (9th Cir. 1990) ("[E]ven if an improper defendant is indicated in the caption, we may consider a complaint to have named the proper defendant if the allegations made in the body of the complaint make it plain that the party is intended as a defendant."); *Battle v. Anderson*, 993 F.2d 1551 (Table) at *2

(10th Cir. 1993) ("[D]effective caption is merely formal error and should never be viewed as fatal defect.").

For these reasons, it is hereby

    **ORDERED** that the Defendant's Motion to Quash Service of Process is GRANTED and the Defendant's Motion to Dismiss is DENIED. The Plaintiff shall have 30 days from the date of this order to amend his complaint and effectuate proper service of process.

    **SO ORDERED**.

Dated: August 3, 2018                                       TREVOR N. MCFADDEN, U.S.D.J.